**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHAWN HENRY SCRIVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1127 SRW |
| | ) | |
| DR. UNKNOWN BURRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on pro se plaintiff Shawn Henry Scrivens' motion for leave to file an amended complaint.[1] This is plaintiff's second motion for leave to file an amended complaint. His first motion was filed on February 18, 2021, and it was denied on February 19, 2021 due to plaintiff's failure to append a copy of his amended complaint to his motion. The instant motion will be denied for the reasons outlined in the Court's prior Memorandum and Order.

**Background**

Plaintiff filed this action on August 21, 2020 seeking relief under 42 U.S.C. § 1983. Plaintiff alleged violations of his civil rights as a pretrial detainee at the Phelps County Jail. He named the following individuals as defendants in this action: Sheriff Rick Lesenbee; Jail Administrator Matt Schulz; Dr. Unknown Burris; Dr. Karen Doerry; and Corporal Shane Rapaut. Defendants were named in both their individual and official capacities.

---

[1] The Court will construe plaintiff's motion for leave to file an amended claim as a motion for leave to file a second amended complaint.  On October 30, 2017, plaintiff filed his original complaint.  On December 11, 2017, plaintiff filed an amended complaint.  Plaintiff is seeking, therefore, to file a second amended complaint.

Plaintiff alleged that he was provided necessary diabetic medical treatment at the Phelps County Jail the first forty-seven (47) days of his confinement. However, he claimed that Dr. Unknown Burris issued a discontinuation of the insulin orders at the Jail after the 47th day.

Because plaintiff failed to allege a custom, practice or policy claim against defendants, the Court dismissed plaintiff's claims, pursuant to 28 U.S.C. § 1915(e)(2)(B), against defendants in their official capacity in its Memorandum and Order reviewing plaintiff's complaint on December 11, 2020. The Court also dismissed plaintiff's claims for deliberate indifference to his serious medical needs against defendants Lesenbee, Schulz, Doerry and Rapaut, as plaintiff had failed to allege that he asked these defendants for treatment and they denied him treatment for his medical needs. However, the Court issued process on Dr. Unknown Burris, in his individual capacity, as to plaintiff's claim for deliberate indifference to his serious medical needs, because plaintiff clearly alleged that Dr. Burris had denied him treatment for his diabetes.

Process was issued on December 11, 2020 on Dr. Burris, and service was returned unexecuted on February 16, 2021. The Court, therefore, ordered on February 19, 2021, that service be effectuated a second time on Dr. Burris on Phelps County Jail's medical contractor, Advanced Correctional Healthcare, Inc. The Court is awaiting return of summons as to Dr. Burris at this time.

After dismissal of defendants Lesenbee, Schulz, Doerry and Rapaut from this action, plaintiff sought reconsideration of the Court's Memorandum and Order and Order of Partial Dismissal issued on December 11, 2020. The Court denied his motion on January 20, 2021, as plaintiff had failed to point to any manifest errors of law or fact or any newly discovered evidence.

On February 18, 2021plaintiff filed a motion to amend his complaint. He stated that there are "several [microcritical] errors contained within the original complaint, which if left un-amended, would likely cause much confusion in the prosecution of this case." However, plaintiff

failed to append an amended complaint to his motion. Therefore, the Court denied plaintiff's request to amend at that time. The Court also instructed plaintiff in that same Memorandum and Order on how to properly amend his complaint, and he was provided with a court-form for doing so.

Despite the aforementioned, currently before the Court is plaintiff's second motion to amend his complaint. However, plaintiff has still failed to append an amended complaint to his motion to amend. Additionally, he seeks to change the spelling of defendant Lesenbee, even though this defendant has already been dismissed from this action. His motion to change the spelling of defendant Lesenbee's name will be denied. Defendant's motion to amend will also be denied.

**Discussion**

In his motion to amend his complaint, plaintiff states that he has "numerous facts with documented evidence" which must be included in his complaint relative to what occurred between plaintiff and defendants while he was in the custody of the Phelps County Jail. He states that he now has the assistance of a paralegal, and he would like the opportunity to amend his pleading to include these facts.

As the Court instructed plaintiff previously, in its February 19, 2021 Memorandum and Order, the Court cannot grant plaintiff's motion to amend his complaint at this time. The document submitted by plaintiff is not a standalone amended complaint. It does not contain facts that relate to defendants, nor does it contain a case caption listing the defendants, and it is not filed on a prisoner complaint form. *See* E.D. Mo. Local Rule 2.06(A) ("the Court . . . may order the pro se plaintiff . . . to file the action on a Court-provided form"); Fed. R. Civ. P. 11 ("Every pleading . . .

must be signed . . . by a party personally if the party is unrepresented."). Thus, the Court is obligated to deny plaintiff's motion at this time.

In the future, if plaintiff seeks leave to file an amended complaint, he shall file a motion for leave to file an amended complaint and submit (as an attachment to the motion) the proposed amended complaint. *See Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 497 (8th Cir.2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion). The proposed amended complaint needs to be drafted on a Court-provided form, needs to be signed by plaintiff, and must contain a complete caption.  Additionally, all claims in the action must be included in one, centralized complaint form.  *See* Fed. R. Civ. P. 7(a)(1), 8(a).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint is **DENIED without prejudice**.  [ECF No. 19]

**IT IS FURTHER ORDERED** that plaintiff's motion to change the spelling of defendant Rick Lesenbee, a defendant already dismissed from this action, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a court-form for filing a prisoner complaint.

Dated this 10th day of March, 2021.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE